UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------- X
  KERI-ANN BURNETT,                 :
                                               :

                   Plaintiff,     :    **MEMORANDUM DECISION AND**

                                               :    **ORDER**

     - against -               :

                                              :    23-cv-7521 (BMC)

  THE COUNTY OF SUFFOLK, DENNIS   :
  BROWN, SUSAN FLYNN, MARC     :
  LINDEMANN, LELAND SOLAN, and   :
  "JOHN DOES" number 1-5,        :
                                              :

                   Defendants.    :
-------------------------------------------------------- X

**COGAN**, District Judge.

      Plaintiff Keri-Ann Burnett brings the instant case against the County of Suffolk and four

County attorneys (collectively, "the County"), stemming from the County's post-seizure

retention of a 2020 Dodge Durango that plaintiff leased from non-party CCAP Auto Lease.

Plaintiff asserts three causes of action: (1) violation of her Fourth Amendment rights pursuant to

42 U.S.C. § 1983 based on the County's retention of the Durango post-seizure without a warrant;

(2) violation of her Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983 based on the

County's post-seizure retention of the Durango without a hearing; and (3) breach of contract

based on the County's failure to return the Durango to CCAP in violation of a release agreement

into which she entered with the County.  Before the Court is the County's motion to dismiss the

complaint under Rules 12(b)(1)[1] and 12(b)(6) of the Federal Rules of Civil Procedure for lack of

---

[1] The County argues that the complaint must be dismissed for lack of standing because plaintiff has failed to plead an injury-in-fact – namely, plaintiff has not been unlawfully deprived of any property.  The County is wrong.  The complaint alleges that the County unlawfully deprived plaintiff of her property when it retained her Durango post-seizure.  That is an injury in fact.  See Krimstock v. Kelly, 306 F.3d 40, 48 (2d Cir. 2002), abrogated on other grounds by Culley v. Marshall, 601 U.S. 377 (2024).  Whether plaintiffs' allegations raise plausible claims under the Fourth and Fourteenth Amendments is a 12(b)(6) issue.

subject matter jurisdiction and failure to state a claim.  For the reasons set forth below, the Court

dismisses plaintiff's § 1983 claims for failure to state a claim and declines to exercise

supplemental jurisdiction over plaintiff's breach of contract claim.

## SUMMARY OF COMPLAINT

Plaintiff began leasing the Durango from CCAP on February 25, 2020 pursuant to a

36-month lease, which would have expired on February 25, 2023.  The lease agreement required

plaintiff to return the Durango to the place specified by CCAP upon termination of the lease to

avoid a $150 transportation fee.  Further, the lease agreement provided that if plaintiff held the

vehicle beyond the end of the lease term without obtaining an extension agreement, she would be

liable for a $150 charge plus continuing monthly lease payments.

On August 20, 2022, plaintiff's husband was arrested while driving the Durango.  He was

charged with driving while intoxicated and the Durango was seized incident to his arrest.  The

County then served a Notice of Seizure and Hearing upon plaintiff and set a hearing for

September 1, 2022.

On September 1, 2022, instead of moving forward with the seizure hearing, the parties

entered into a stipulation (the "Stipulation") which stated that "in consideration for the return of

a 2020 Dodge Durango, VIN 1CRDJDG6LC302128 to CCAP Auto Lease from the County of

Suffolk, as Releasee; Keri-Ann Burnett, as Releasor, hereby releases and discharges the County

of Suffolk from all claims."  (cleaned up).

It appears that nothing happened over the next six months – the County maintained

possession of the vehicle and plaintiff did not request its release.  Then, on March 22, 2023,

plaintiff received correspondence from CCAP which stated, "our records indicate that your Lease

2

Agreement with Chrysler Capital has been completed; however, we do not show that your Lease vehicle has been returned." Two weeks later, the County advised plaintiff that the Durango was still in the County's possession at the Suffolk County Police Impound and that plaintiff would have to pay $520 to have it released. Plaintiff believes that the County also told CCAP that it would not release the Durango to CCAP unless CCAP satisfied certain monetary conditions.

Section 420-6(C) of the Suffolk County Code states that if the County does not commence a forfeiture action within 180 days of a seizure, the County must immediately return the property to its lawful owner as of the time of the seizure. The County never commenced a forfeiture action and did not release the Durango to CCAP until after commencement of this action.

Plaintiff argues that the County violated her Fourth Amendment rights by retaining the Durango after the Stipulation without a warrant. She asserts that the County was required to either return the Durango to CCAP or provide her with a hearing to determine her legal rights to the Durango, and that the County did neither. She further asserts that the County interfered with her property interests by attempting to extort money from her and from CCAP before releasing the Durango to CCAP as agreed pursuant to the Stipulation.

Plaintiff also argues that the County violated her Fourteenth Amendment due process rights by retaining the Durango after the Stipulation without holding a hearing and giving plaintiff an opportunity to be heard on the County's continued retention of the Durango. Plaintiff claims that the County instead illegally retained the vehicle and attempted to extort money from CCAP.

3

Finally, for plaintiff's breach of contract claim, plaintiff argues that the County breached the Stipulation by failing to return the Durango to CCAP.

## STANDARD OF REVIEW

To survive a motion to dismiss under Rule 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007), and to "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  When deciding a motion to dismiss, the Court must "constru[e] the complaint liberally, accept[ ] all factual allegations in the complaint as true, and draw[ ] all reasonable inferences in the plaintiff's favor."  Elias v. Rolling Stone LLC, 872 F.3d 97, 104 (2d Cir. 2017) (quoting Chase Grp. All. LLC v. City of New York Dep't of Fin., 620 F.3d 146, 150 (2d Cir. 2010)).

## DISCUSSION

Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979).  To sustain her § 1983 claims against the County attorneys, plaintiff must allege that they were (1) "acting under color of state law" and (2) "deprived ... [her] of rights, privileges, or immunities secured by the Constitution or laws of the United States."  Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994). Moreover, she must allege the direct or personal involvement of each of the County attorneys in the alleged constitutional deprivation.  Farrell v. Burke, 449 F.3d 470, 484 (2d Cir. 2006).

As a municipality, the County of Suffolk "cannot be held liable under § 1983 on a *respondeat superior* theory." Monell v. Dep't of Soc. Servs., 436 U.S. 658, 692 (1978).  To

4

sustain her § 1983 claims against the County of Suffolk, plaintiff "must show that the unconstitutional action 'implements or executes a policy statement, ordinance, regulation or decision officially adopted and promulgated by that body's officers,' or governmental custom." Alexander v. City of Syracuse, 132 F.4th 129, 160 (2d Cir. 2025) (quoting Monell, 436 U.S. at 690-91).

Thus, plaintiff must demonstrate that she was deprived of a constitutional right to state a § 1983 claim against either the County attorneys or the County of Suffolk.  Even construed in the light most favorable to plaintiff, the complaint fails to plead cognizable Fourth and Fourteenth Amendment deprivations.

### A.    Fourth Amendment Claim

The Fourth Amendment protects individuals "against unreasonable searches and seizures."  U.S. Const. amend. IV.  Although the "impoundment of a vehicle" may implicate Fourth Amendment rights, "in the interests of public safety and what the Supreme Court has called community caretaking functions, automobiles are frequently taken into police custody." Santander Consumer USA, Inc. v. City of Yonkers, No. 22-cv-8870, 2024 WL 4817649, at *6 (S.D.N.Y. Nov. 18, 2024) (internal quotation marks and citations omitted).  "Vehicle impoundments do not need to be justified by probable cause, but only on a showing of reasonableness," which is a fact and circumstance-specific inquiry.  Id. (internal quotation marks and citations omitted).

By contrast, when a municipality seizes a vehicle for the purposes of forfeiture, the seizure and the forfeiture must both be justified by probable cause.  Krimstock, 306 F. 3d at 49-50.  Although a vehicle that is seized pursuant to law enforcement's community caretaking

functions might ultimately be the subject of a forfeiture action, law enforcement does not have to have probable cause for the initial seizure because the vehicle was not seized for the purposes of forfeiture.  See Santander Consumer USA, Inc. v. City of Yonkers, 2024 WL 4817649, at *6 (collecting cases).

Plaintiff does not take issue with the initial seizure of the Durango.  In fact, plaintiff admits that her husband was arrested for driving while intoxicated.  Law enforcement did not need a warrant or probable cause to seize the Durango "in the interests of public safety and as part of their community caretaking functions."  See id. (internal quotation marks and citations omitted).  What plaintiff takes issue with, however, is the County's retention of the Durango "without a warrant" after executing the Stipulation and thereby agreeing to release the Durango to CCAP.[2]

The Second Circuit has made clear that where "an initial seizure of property was reasonable, defendants' failure to return the items does not ... state a separate Fourth Amendment claim of unreasonable seizure."  Shaul v. Cherry Valley-Springfield Cent. Sch. Dist., 363 F.3d 177, 187 (2d Cir. 2004).  Accordingly, courts in this district have dismissed Fourth Amendment claims that were premised solely on the retention of vehicles.  See, e.g., Santander Consumer USA, Inc. v. City of Yonkers, 2024 WL 4817649, at *7-8 (where vehicle was seized pursuant to community caretaking functions, defendants' prolonged retention of vehicle after the seizure did not violate the Fourth Amendment); Santander Consumer USA, Inc. v. Port Authority of New

---

[2] Plaintiff conflates her Fourth and Fourteenth Amendment arguments.  Specifically, for her Fourth Amendment cause of action, plaintiff argues that it was unreasonable for the County to refuse to provide her "with a prompt hearing to determine the propriety of [its] continued retention of the vehicle."  This allegation concerning a hearing falls under plaintiff's Fourteenth Amendment cause of action, so the Court does not address it in the context of plaintiff's Fourth Amendment cause of action.

York & New Jersey, 20-cv-1997, 2023 WL 12028907, at *5-6 (E.D.N.Y. Dec. 4, 2023) (same). Thus, plaintiff's Fourth Amendment claim, challenging only the County's retention of the seized Durango and not its initial seizure, must fail.  See id.; see also Shaul, 363 F.3d at 187 ("To the extent the Constitution affords ... any right with respect to a government agency's retention of lawfully seized property, it would appear to be procedural due process.").

      **B.    Fourteenth Amendment Claim**

      Plaintiff argues that the County violated her Fourteenth Amendment due process rights because it retained the Durango in violation of plaintiff's property rights "following the execution of the [S]tipulation ... without any hearing having been held, and without any opportunity for [plaintiff] to be heard on the continued retention of the vehicle."

      The Due Process Clause of the Fourteenth Amendment provides that no state shall "deprive any person of life, liberty or property, without due process of law."  U.S. Const. amend. XIV § 1.  "To determine whether a plaintiff was deprived of property without due process of law in violation of the Fourteenth Amendment," a court must "identify the property interest involved," then "determine whether the plaintiff received constitutionally adequate process in the course of the deprivation."  O'Connor v. Pierson, 426 F.3d 187, 196 (2d Cir. 2005) (citation omitted).

      The question is whether the County's procedures satisfied due process.  Plaintiff admits that the County served a "Notice of Seizure and Hearing" upon her and scheduled a hearing for September 1, 2022.  The due process analysis ends there: plaintiff was given notice and an opportunity to be heard, and because plaintiff did not attend the hearing, she cannot argue that the hearing itself was constitutionally inadequate.

Plaintiff argues that she agreed to waive her right to a hearing based on the County's misrepresentation that it would return the Durango in exchange. First, plaintiff's allegation that the County did not do as the Stipulation required sounds in breach of contract, not a constitutional violation.[3] See Costello v. Town of Fairfield, 811 F.2d 782, 784 (2d Cir.1987) ("A contract dispute ... does not give rise to a cause of action under Section 1983."). Second, plaintiff's argument that the County tangentially deprived her of her due process rights by fraudulently inducing her abstention from the hearing must fail. Plaintiff does not cite any cases based on "fraudulent inducement of the surrender of constitutional rights," and if there is such a thing, it would require a far more particularized pleading than the one here. See Fed. R. Civ. P. 9(b). Accordingly, plaintiff fails to state a Fourteenth Amendment due process claim.

### C.    Breach of Contract Claim

The County argues that if the Court dismisses plaintiff's federal claims, it should decline to exercise supplemental jurisdiction over plaintiff's state law claim. Subsection (c)(3) of the supplemental jurisdiction statute, 28 U.S.C. § 1367, provides that a court may decline to exercise supplemental jurisdiction over state-law claims if the court "has dismissed all claims over which it has original jurisdiction."

Because plaintiff's two federal claims are now dismissed, the Court declines to exercise supplemental jurisdiction over plaintiff's state law breach of contract claim. See Motorola Credit Corp. v. Uzan, 388 F.3d 39, 56 (2d Cir. 2004). Not only is this decision well within the Court's discretion, it also accords with the Second Circuit's position that "if [all] federal claims are

---

[3] Importantly, plaintiff does not allege that the County agreed to release the Durango to CCAP *by* a certain date, and the County did eventually release the Durango to CCAP. Even if a contract dispute could give rise to a § 1983 cause of action, plaintiff's argument would be tenuous since the County apparently did do as the Stipulation required.

dismissed *before trial* ..., the state claims should be dismissed as well." Id. (emphasis and alterations in original) (quoting Castellano v. Bd. of Trustees, 937 F.2d 752, 758 (2d Cir. 1991); see also Krow v. PineBridge Invs. Holdings U.S. LLC, 2022 WL 836916, at *15 (S.D.N.Y. March 21, 2022) ("In the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine – judicial economy, convenience, fairness, and comity – will point toward declining to exercise jurisdiction over the remaining state-law claims." (internal quotation marks and citations omitted)).

## CONCLUSION

For the foregoing reasons, the County's motion to dismiss is granted as to plaintiff's Fourth and Fourteenth Amendment claims under § 1983.  Plaintiff's breach of contract claim is dismissed without prejudice to recommencement in state court.

**SO ORDERED.**

_____
*Brian M. Cogan*
U.S.D.J.

Dated: Brooklyn, New York
        September 30, 2025